IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01117-OES

ANGELO BENZOR,

      Applicant,

v.

MR. GOLDER, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO],

      Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

      Applicant Angelo Benzor is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, Correctional Facility.  Mr. Benzor has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005).

      The Court must construe the amended habeas corpus application liberally because Mr. Benzor is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Benzor will be ordered to file a second amended application.

      Mr. Benzor has failed to complete the Court-approved form in a manner that makes clear his claims and his direct proceedings in state court.  He alleges that he was convicted in the Weld County District Court on charges of escape and that he was adjudicated on three counts of being an habitual criminal.  He appealed directly from

the judgment of conviction to the Colorado Court of Appeals, which affirmed on July 1, 2004. *See People v. Benzor*, 100 P.3d 542 (Colo. Ct. App. 2004). On October 25, 2004, certiorari review was denied.

Mr. Benzor fails to assert any claims in his amended habeas corpus application. It is not clear to the Court whether he wants to assert here the same claims he raised in state court. In addition, he failed to respond to the July 6, 2005, minute order directing him to file a second amended application with the information requested about the respondents completed on page nine. Mr. Benzor's amended habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Benzor's application fails to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given a final opportunity to file a second amended habeas corpus application to clarify his claims. In addition, Mr. Benzor also must demonstrate that he has exhausted state remedies as to each asserted claim.

*See* 28 U.S.C. § 2254(b)(1); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). Accordingly, it is

ORDERED that Mr. Benzor file **within thirty (30) days from the date of this order** a second amended application that complies with this order. It is

FURTHER ORDERED that Mr. Benzor's second amended application shall be titled, "Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Benzor, together with a copy of this order, two copies of the following form for use in filing the second amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Benzor fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this _16_ day of _August_ , 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 05-cv-01117-OES

Angelo Benzor
Prisoner No. 115458
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on _8-16-05_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk